### Ex Parte John L. Tillinghast, Esquire.

That a counsellor practising in the highest court of the state of New York, in which he resides, had been struck off from the roll of counsellors of the district court of the United States for the northern district of New York, by the order of the judge of that court, for a contempt; does not authorise this court to refuse his admission as a counsellor of this court.

This court does not consider the circumstances upon which the order of the district judge was given within its cognizance; or that it is authorised to punish for a contempt, which may have been committed in the district court of the northern district of New York.

Mr Hoffman moved the court for the admission of Mr J. L. Tillinghast, as a counsellor of this court.

He stated, that he was a counsellor of the court of chancery of the state of New York and of the supreme court of that state, and was at this time in the full exercise and enjoyment of the rights and privileges of a counsellor of those courts. He exhibited the certificates in due form of the time of the admission of Mr Tillinghast, to practise in the courts, and that he is now a practitioner of the same. He was enabled to say, from knowing the opinions of three of the judges of the supreme court of New York, that Mr Tillinghast was respected, and had their confidence.

It was understood that the rule of this court was to admit persons who practised in the highest courts of the several states, and Mr Tillinghast was therefore completely within the rule.

It would be disingenuous not to refer to a circumstance which had occurred in relation to Mr Tillinghast, in the district court of the United States, for the northern district of New York. In that court, he had been struck off the roll of counsellors of the court by order of the district judge.

If the causes of that proceeding are now to be inquired into; under the relations which existed between him and Judge Conklin, and the respect he entertained for him; Mr Hoffman said he should not interfere. But this court will not look into this circumstance; and the mere fact of an in-

dividual having been stricken off the roll, would not in itself induce the court to refuse his admission here. This might occur at the request of the individual, or it might be the effect of his acceptance of an office which disqualified him to practise ; as that of marshal. Upon this fact alone the court will not reject this application.

But if the court will go into an examination of the circumstances of the case, Mr Tillinghast is fully prepared, and willing to proceed ; in which he will have the aid of other counsel. He is desirous that this court would hear the facts and decide upon them, and he expects to be able in the investigation fully to vindicate himself from all reproach.

It is understood that on a former occasion, when a mandamus was applied for to the district judge to restore the applicant to the roll of counsellors, this court would not go into an examination of the facts of the case, and they may not now be disposed to do it. It might also be objected to it, that it would be ex parte, and will give to Judge Conklin no opportunity to be heard on the matter.

The certificates of the admission of Mr Tillinghast to practise in the highest courts of New York, and of his now being a counsellor of those courts. were then filed by Mr Hoffman

Mr Chief Justice MARSHALL. The court has had under its consideration the application of Mr Tillinghast for admission to this bar.

The court finds that he comes within the rules established by this court. The circumstance of his having been stricken off the roll of counsellors of the district court of the northern district of New York, by the order of the judge of that court for a contempt, is one which the court do not mean to say was not done for sufficient cause, or that it is not one of a serious character ; but this court does not consider itself authorised to punish here for contempts which may have been committed in that court.

When, on a former occasion, a mandamus was applied for to restore Mr Tillinghast to the roll of counsellors of the dis-

trict court, this court refused to interfere with the matter; not considering the same within their cognizance.

The rules of this court having been in every respect complied with, Mr Tillinghast must be admitted a counsellor of this court.


On consideration of the motion made by Mr Hoffman, it is ordered by the court that John L. Tillinghast, Esq. of the state of New York, be admitted as an attorney and counsellor of this court, and he was sworn accordingly.