### ALEXANDER CHEVALON and Wife v. GUSTAVUS SCHMIDT.

The Commercial Court of New Orleans has no jurisdiction of proceedings to cancel the license of an attorney at law.

The license of an attorney at law cannot be withdrawn or annulled, unless on *conviction* in the manner prescribed by the act of 27 March, 1823. The proceedings must be by information before the District Court of the domicil of the accused; and there must be a trial by jury. Act 31 March, 1808, s. 6. 27 March, 1823, s. 3. 22 March, 1826, s. 1.

APPEAL from the Commercial Court of New Orleans, *Watts*, J. *Hoffman*, for the appellants.

*Schmidt*, pro se.

MARTIN, J. The plaintiffs obtained a rule on the defendant to show cause, why he should not pay the balance due on a judgment against him in their favor, it being for money alleged to have been collected as an attorney at law, or such further order be taken in the premises as the law directs. The court discharged the rule, being of opinion that, as the plaintiffs had brought suit in the ordinary form, and prosecuted it to a judgment, it was a merger of the debt, and a waiver of all proceedings against the defendant as an attorney at law. From this judgment the plaintiffs have appealed.

It does not appear to us that the court erred, although the reasons given for the judgment may not be the best. The rule was taken to compel the payment of the balance of a judgment, which can be obtained by a writ of *fieri facias*. The Commercial Court is without authority to act on the ulterior proceedings hinted at in the rule. It is a court of limited jurisdiction; and it seems to us that, when the 6th section of the act of 1808, the

3d section of the act of 1823, and the 1st section of the act of 1826 (B. & C.'s Dig. pp. 22, 23, 24), are considered, an attorney's license cannot be withdrawn and annulled, unless on *conviction,* in the manner pointed out by the second of those acts. There must be a proceeding by information before the District Court or judge, and a trial by jury, as required by law. The term *conviction,* as used in the statute, is not a judgment pronounced in a civil case, commenced and prosecuted as the one before us has been.

We do not wish to be understood as admitting, that the judgment obtained by the plaintiff is a waiver of the proceedings under the acts of the legislature; and it is due to the defendant that we should state, that the record contains an admission of the attorney who obtained the judgment, that it is not to be used as èvidence of the money having been received by the defendant in his capacity of attorney at law.

*Judgment affirmed.*