Simon, J.
This is an appeal from a judgment discharging a rule taken by the plaintiff, for ihe use of one John H. Tate, on Alfred M’Carty, Esq., an attorney and counsellor at law, to show cause, within ten days from the service of the said rule, why he, M’Carty, should not be condemned to pay to Tate the sum of $707 50, with interest, it being the amount collected by M’Carty, as attorney at law, for the plaintiff in this suit; and why said M’Carty’s name should not be erased from the list of attorneys, and his license to practice law in the State of Louisiana cancell-ed, for having refused to pay the said sum to the real owner thereof, when demanded of him, &c.
It appears, that on the 4th of May, 1839, two notes were placed by Tate in the hands of the plaintiff, Turner, for the purpose of being collected by the latter, and of being paid over, if collected, to the order of said Tate, or the notes returned on presentation of the receipt. The note sued on was one of them, and had been put into the hands of M’Carty (who gave a receipt accordingly) *384 by Turner for collection, on the 16th of July following. This suit was instituted in February, 1840, and judgment obtained against the defendants for the amount, of the note, to wit, seven hundred dollars, with interest, costs of protest, &c. The petition is signed by James Mitchell, as attorney for the petitioner ; but the statement of facts made by the Judge, a quo, shows, that it was admitted on the trial of the rule, by M’Carty, that he had been employed in his professional capacity by Turner, and that he had collected the amount of the judgment rendered herein, &c.
The object of the rule is twofold: 1st. The plaintiff, for the use of his principal, seeks to obtain a judgment against his attorney at law, M’Carty, for the amount collected by the latter, on the judgment rendered herein, which his said attorney admits to have collected and received. 2d. He further prays, that M’Carty’s name may be erased from the list of attorneys, and his license to practice law in this State cancelled, for having refused to pay the sum collected, when demanded of him.
I. We are unable to see any reason why this branch of the plaintiff’s demands, should not be allowed. No exception has been taken by the defendant to the mode of proceeding. He joined issue on the merits of the claim set up against him, by alleging that he had never been employed as counsel for the actor in this suit, and that he had not received any money for him. The evidence shows that the note sued on was placed in his hands for collection, that he gave a receipt therefor, that he was employed in his professional capacity, and that he collected the amount of the judgment; and we think the plaintiff, who acts here as agent of the true owner of the money received by the attorney, is entitled, for the use of his principal, to a judgment against the defendant in the rule, for the Whole amount collected by the latter.
II. On the second branch, this case can hardly be distinguished from that of Chevalon v. Schmidt, (11 Rob. 91,) in which we discharged a similar rule, taken to compel the payment of the balance of a judgment already obtained against the attorney. We said, that satisfaction of the judgment could be sought by means of a writ of ft. fa.; but that an attorney’s license cannot be withdrawn unless on conviction in the manner pointed out by the 3d *385 section of the act of 1823, (B. & C.’s Digest, 23,) that, under the provisions of that act, and of the 6th section of the act of 180S, and the 1st section of the act of 1826, (B. & C.’s Digest, 22, 24,) there must be a proceeding by information before a court of competent jurisdiction, and a trial by jury; and that the term conviction, used in the statutes, does not mean a judgment in a civil case. We are satisfied with our former decision in the case above quoted, and must come to the same result on this branch of the rule under consideration.
Fraser, for the appellant.
Roselius, for the appellee, M’Carty.
It is, therefore, ordered and decreed, that the judgment appealed from, so far as it discharges the first branch of the rule taken by the appellant, be annulled and reversed ; and it is ordered and decreed, that said plaintiff and appellant, do recover of the defendant and appellee, the sum of seven hundred and seven dollars and fifty cents, with legal interest, per annum, on seven hundred dollars, from the 3d of July, 1839, until paid ; and with regard to the second branch of said rule, it is further ordered and decreed, that the judgment of the District Court discharging it, be affirmed, and that said appellee pay the costs in both courts.