The opinion of the court was delivered by
Miller, J.
The relator seeks the writs of certiorari and prohibition to restrain the Civil District Court from further proceeding in the suit brought under the Act No. 129 of 1896, to disbar the relator from the practice of his profession as attorney at law.
The suit in the Civil District Court was instituted by ten attorneys at law, charging the relator with professional misconduct. The statute on which the proceeding is based provides that if any attorney at law shall be convicted of felony, or shall be guilty of gross professional misconduct, he may be summoned to answer before the District Court of his residence on the petition of ten attorneys setting forth the felony of which he has been convicted, or the professional misconduct complained of, and if on the trial the charges are proven the court shall render judgment reprimanding him, suspending or disbarring him from the practice of his profession.
*1016 The defendant in the lower court, the relator here, excepted to the suit, on the grounds substantially, that for the cause stated in the petition he can be proceeded against only in the Criminal District Court, under Section 120 of the Revised Statutes, and on the further ground that the jurisdiction of the Civil District Court is confined by ,the Constitution to civil cases involving the pecuniary amount stated in the Constitution, and the exceptions having been overruled by the lower court the relator made the present application to this court.
The sections of the Revised Statutes relied on to support the relator’s contention cover several phases of professional misconduct of the attorney; fomenting quarrels or suits; neglect or refusal to pay over money collected for clients; fraudulent practices or betrayal of the interests of his clients. For fomenting suits the court having jurisdiction is authorized on motion and by summary proceeding, after notice and hearing of the accused if the charge is proven, to direct the erasure from the roll of attorneys of the name of the attorney; for refusal to pay over money, on conviction, the statute declares, the name of the attorney shall be taken from the list of attorneys and his license canceled, and for betrayal of the interests of his client or fraudulent practices, the statute says, he shall be deemed guilty of a misdemeanor, and on conviction thereof shall be stricken from the roll of attorneys and be forever incapable of appearing as such in the courts of this State.
Fraudulent practice and betrayal of the interest of the client made a misdemeanor by Sec. 120 of the Revised Statutes and conviction required to authorize the disbursement of the attorney, would seem to imply a proceeding in a court of criminal jurisdiction. This construction was placed by our predecessors on that section, part of the statute from which Sec. 120 is derived, which authorizes disbarment proceedings against attorneys who neglect or refuse to pay over money collected for their clients. Chevalon vs. Schmidt, 11 Rob. 91; Turner vs. Walsh, 12 Rob. 383. Whether or not criminal proceedings were intended by the lawgiver, or held to be necessary by these decisions not very distinct on the point, there was no hesitancy of our predecessors in concluding that a jury trial and conviction was indispensable to authorize the penalty of the then statute, now Secs. 118, 119 and 120 of the Revised Statutes.
The argument of the relator is, that this section of the Revised *1017 Statutes covering the offence charged against him of betraying his client’s interest is not repealed by the act of 1896, and hence the conclusion sought to be supported, that the act of 1896, the basis of this proceeding, has no application to sustain it, but that See. 120 of the Revised Statutes governs the procedure against the relator for the misconduct alleged by petitioners in this case: or in other words, the argument is that See. 120 not repealed, the proceeding against relator, must be in the criminal court, and his further contention is, if we correctly appreciate the argument, that the betrayal of the client’s interest and fraudulent practices, made crimes by this section, the Civil District Court is without jurisdiction.
It is, of course, to be conceded, that repeals of previous laws by -subsequent statutes is not affected unless the repeal is expressed or clearly implied; Civil Code, Art. 23. Hence, thé argument pressed on us that with Sec. 120 in force, the relator is subject only to the method it provides in respect to the alleged offence. The manifest purpose of the act of 1896 is to clothe the District Courts with the jurisdiction to exclude from the profession, attorneys against whom professional misconduct is proved. The procedure directed by the act is by petition, as in ordinary cases. The Legislature, guided by the judicial interpretation that under existing legislation the attorney ■could be reached only by criminal proceedings for misconduct in his ■profession, it is clear to our minds, proposed to supply another ■method by civil proceedings. Without infringing on the principle ■of statutory construction invoked by the relator, full effect can be :given to the act of 1896, without interference with Sec. 120 of the Revised Statutes.» The Revised Statutes may be deemed to afford the basis for the criminal proceeding; the act as the warrant for the ■civil proceeding, and acquittal in one, or conviction or judgment in the other, would doubtless protect against any second proceeding for the same cause.
It is contended on behalf of the relator that the act is incompetent to give jurisdiction to the District Court of the controversy, ■there being, it is contended, no pecuniary amount involved. The ■amendment to the petition is that the right of relator to practise his profession is of value exceeding two thousand dollars. Irrespective ■of the test of amount, there is another view of this jurisdictional ■question. There are powers of courts auxiliary to the purpose of ■their creation, not dependent on the pecuniary test of jurisdiction! *1018 The efficiency and purity of the administration of justice rests, in a large degree, upon the integrity of their official conduct of the attorneys practising at the bar of the court. Hence, the power usually called inherent, of courts to guard against improper professional conduct. To punish for contempt is viewed as an incidental power, restricted as it is by legislation. In the early case of Dormenon, 1 Martin, 129, the Supreme Court of the Territory of Orleans of that day excluded an attorney from the bar because of misconduct, although not in the line of profession. No question was made of the power of the court. In Ex parte Robinson, 19 Wallace, 505, the Supreme Oourt of the United States observed the power to disbar was possessed by all courts with authority to admit the attorney to practice. Whether treated as an incident to admit the attorney to practice, or arising -from the establishment of the court with all the instrumentalities to attain the object of its creation, these incidental powers, including the disbarment of attorneys, for misconduct, has been of frequent recognition apparent from the authorities arrayed in the digests. With us there are the limitations as well as the recognition of the power in the sections of the Revised Statutes on the subject, and in this recent act of 1896. We think the conclusion entirely safe that the power to disbar the attorney under the act is not to be viewed as subordinated to the test of amount involved applicable to ordinary controversies, but as incidental to the court itself, and as such recognized by the act.
We deem the objection that the proceeding is criminal, and not civil, and hence not within the jurisdiction of the Civil District Court, answered by the views we have expressed, but it may be proper to add if, as we are of opinion, the power to disbar is a necessary power of all courts, civil or criminal, the penalty, however grave, does not strip the civil court of jurisdiction, and the procedure in the civil court is entirely different from that prescribed for the conviction for crime.
It is therefore ordered, adjudged and decreed that our previous orders on this application be set aside, and that the application be and it is hereby denied.