It is therefore ordered that writs herein issued be recalled, and that this proceeding be dismissed, with costs.

---

(54 South. 943.)

No. 18,183.

STATE v. STRINGFELLOW.

(April 10, 1911.)

*(Syllabus by Editorial Staff.)*

ATTORNEY AND CLIENT (§ 53*)—DISBARMENT.

A judgment of the criminal district court, finding defendant attorney guilty of forgery, is conclusive of his guilt in an original proceeding before the Supreme Court to disbar him, though possibly not technically res judicata.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 75; Dec. Dig. § 53.*]

Disbarment proceedings by the State against William R. Stringfellow. Decree of disbarment.

Walter Guion, Atty. Gen. (Percy S. Benedict, of counsel), for the State. William R. Stringfellow, pro se.

PROVOSTY, J. This is an original proceeding before this court for the disbarment of the defendant. The charges are, first, that on October 29, 1909, under Nos. 37,492, 37,786, and 37,797 of the docket of the criminal district court of the parish of Orleans, the defendant was indicted for the crimes of embezzlement of the funds of one of his clients, of conspiracy to forge and utter as true a certain acceptance and waiver of citation in a suit for divorce, and of the forgery and uttering as true of this same acceptance of service and waiver of citation, and that the said accusations were all well founded, and that the defendant has been tried in said criminal court on this last-mentioned charge, and found guilty.

The defendant having applied to this court for a commission to take testimony on the said charges on which he had been thus already tried and convicted, and for which he was actually serving a term in the penitentiary, the state objected to any further inquiry being made into the guilt or innocence of the defendant on said charge; the said judgment and sentence against the defendant in the criminal district court being res judicata of said charge.

The case was regularly assigned for trial on the question thus raised, and was regularly heard; the defendant making no appearance.

That the said judgment, though possibly not technically res judicata, yet is conclu-

sive, appears to us to be a plain proposition.

It is therefore ordered, adjudged, and decreed that the defendant be and is hereby disbarred, that his license to practice law as an attorney and counselor at law in this state be and is hereby revoked, and that he be condemned to pay the costs of these proceedings.

SOMMERVILLE, J., takes no part herein