## SUPREME COURT — APPELLATE DIVISION — FIRST DEPARTMENT.

February 8, 1924.

## MATTER OF JOHN Q. FLYNN.

(208 App. Div. 40.)

ATTORNEY AND CLIENT—DISCIPLINARY PROCEEDINGS—ATTORNEY DISBARRED FOR CONVERSION, VIOLATION OF STIPULATION, AND OTHER MISCONDUCT.

An attorney at law disbarred from practice for converting his clients' money to his own use, for violating a written stipulation, for issuing the process of the court for his own benefit against the interests of his clients, and for appearing, immediately after he procured a judgment for a hotel company, as attorney in an action by the defendant in the former action and against the hotel company, in which he caused process to be served upon a nominal officer of the company, whereby he was able to enter judgment by default, by reason of the failure of that officer to appear or inform any person financially interested in the company.

DISCIPLINARY proceedings instituted by the Association of the Bar of the City of New York.

*Einar Chrystie,* for the petitioner.

*William J. Dawley,* for the respondent.

CLARKE, P. J.:

The respondent was admitted to the bar of the General Term of the First Department in April, 1885, and was practicing in this department at the time the acts complained of were committed. The petition charges that the respondent has been guilty of misconduct as an attorney at law.

The learned official referee to whom the matter was referred after a full hearing has reported that he finds the respondent guilty of misconduct as charged in the petition. From his report and the evidence taken the following facts were established: The Adelphi Hotel Company, Inc., was the owner

of a lease of the hotel property known as No. 470 West Twenty-third street, the stock of which was purchased by Lubinowich and Karaca from Gottlieb Stilz and others. In October, 1921, one Atheras with others purchased the interest of Lubinowich. The company was dispossessed in April, 1922. Karaca had been and still remained the secretary of the company. The respondent had been attorney for the hotel company from the time of the sale to Lubinowich and Karaca by Stilz and others and continued so to act after Atheras became one of the principal stockholders. The respondent was thoroughly familiar with the affairs of the company and its financial condition. In November, 1921, as attorney for the company he brought an action against Gottlieb Stilz to recover certain moneys which it was alleged that said defendant had improperly drawn from the company's bank account. The action was tried and judgment in favor of the hotel company entered December 30, 1921. The defendant took an appeal from this judgment which was submitted to the Appellate Term of the Supreme Court in April, 1922. An order of affirmance was entered on May 4, 1922, and the amount of the judgment, with costs, in all amounting to $1,107.63, was paid in cash to the respondent as attorney for the company on May 10, 1922. In April of that year the financial condition of the hotel company had become precarious, of which fact respondent was cognizant. The company was dispossessed from the hotel premises in April, 1922. On April fifth the respondent began an action against the hotel company to recover $950 for fees alleged to be due for professional services. The summons was served on Karaca, the secretary, who had no financial interest in the company at this time and who admits he said nothing to Atheras about the matter. When the respondent began this action he was still acting as the company's attorney. On April 6, 1922, the day following the date of the service of the summons in said suit, Karaca was arrested on a criminal charge by the United States authorities and immediately after his arrest

sent for the respondent who immediately after acted as his attorney and as such conducted negotiations with the Federal officials and the United States attorney for several weeks following the arrest. Although no answer was interposed by the hotel company in the action against it brought by the respondent for his fees and although he knew of its precarious financial condition he did not enter judgment until April 22, 1922. He did not issue execution upon that judgment until after the Appellate Term had affirmed the judgment in favor of the hotel company against Stilz. Then he went through the form of having a city marshal levy on the funds in his hands which he had collected from Stilz in the suit which he had conducted as attorney for the company and by this procedure claimed to be the owner of the moneys he had collected.

A motion was made by another attorney to relieve the company of its default and to vacate judgment entered thereon in the action brought by the respondent for his fees, which was granted. When the case was reached for trial on October 9, 1922, the respondent negotiated a settlement with the new counsel of the hotel company, Mr. Friberger, which was reduced to writing and is as follows:

" It is hereby consented that the above entitled action be settled upon the following condition: That the plaintiff pay to the defendant or to its attorney David Freiberger the sum of six hundred dollars within eight days from the date hereof and that the said action be discontinued without costs to either party as against each other and that upon making such payment the parties in this action will release each other from any further liability.

" Dated, October 9th, 1922.

" J. Q. FLYNN,

" Plaintiff's Attorney.

" DAVID FREIBERGER,

" Defendant's Attorney."

This amount was never paid.    Prior to June 23, 1922, the respondent had accepted a retainer from Gottlieb Stilz, the same Stilz whom the respondent had sued on behalf of the hotel company and from whom he had collected a judgment for $1,107.53, to act as his attorney in an action to be brought against the hotel company on an assigned claim to recover $3,123.24, by reason of the company's alleged breach of contract to pay certain taxes on the hotel premises.    After agreeing to bring this action for Stilz, respondent obtained permission from his office associate to use his name instead of his own in the proposed litigation, but all the papers were prepared by the respondent and he alone conducted the entire litigation. He prepared a summons and complaint in an action in the Supreme Court and caused it to be served on his friend and personal client, Karaca, who was still the nominal secretary of the hotel company and who neglected to inform any of the persons financially interested in the company that the action had been begun, in which action there was consequently another default.    Upon this default a judgment could have been entered on July 14, 1922, but nothing was done until the following October, three days after respondent had stipulated to pay the $600 as hereinbefore set forth.

Although the attorney of record was his office associate, respondent testified: "As a matter of fact I did control that case from the inception thereof and after I had made the stipulation in the Municipal Court on October 9th whereby I agreed to pay back to the Hotel Company this sum of money I entered my judgment and issued execution.    This execution is in my handwriting.    I took that to the sheriff's office and paid the sheriff's fee when I issued it and gave directions to make a levy."

Before the Grievance Committee he had testified as follows: "The Chairman:    Yes, but the issuance of the execution was something which you held in your control, and the issuance of that execution and the levy nullified the stipulation which you

had made, and your idea is that you were justified in doing it on account of the outrageous treatment of you by your client? A. No, sir, not exactly. I knew absolutely nothing about the issuing of the execution until it was put in my hand. I was the most surprised man in my life when I was served with the execution. The Chairman: Then you prevented your own stipulation from being put into effect by the machinery of the law under the authority of the suit which you controlled? A. No, I did not control that suit, that is a mistake."

There is no possible way of reconciling the respondent's testimony. The conclusion is inevitable that he converted his client's money; that he violated his written stipulation; that while the attorney for the hotel company, obtaining a judgment in its favor, he appeared immediately thereafter as attorney against it and for the individual against whom in its favor he had obtained the judgment, making use of the intimate knowledge he had obtained of its affairs as its attorney to use against it; that he caused process to be served upon a nominal officer whereby he was enabled to enter judgments by default by reason of the failure of that officer to appear or inform any person financially interested in the company of the actions against it; that he issued the process of the court for his own benefit against the interests of his clients; that he gave false testimony either upon the hearing before the learned official referee or before the Grievance Committee of the Bar Association in its preliminary investigation, and that the determination of the learned official referee that the charges have been sustained and respondent was guilty of unprofessional conduct in the matters complained of was fully justified.

The bare statement of the foregoing facts demonstrates that the respondent notwithstanding the many years that he has been at the bar has violated the fundamental obligations of the honorable profession of the law and is unfit to retain the certificate heretofore granted to him by the court. We approve the

findings of the learned official referee and conclude that the respondent should be disbarred.

DOWLING, FINCH, MCAVOY and MARTIN, JJ., concur.

Respondent disbarred.    Settle order on notice.