(107 So. 314)

No. 27382.

## STATE v. FLYNN.

(Feb. 1, 1926.)

*(Syllabus by Editorial Staff.)*

**1. Constitutional law ⬦29.**

Const. 1921, art. 7, § 10, conferring original jurisdiction on Supreme Court in disbarment proceedings involving misconduct, is self-operating.

**2. Constitutional law ⬦29.**

A constitutional provision is self-operating, where no legislation is necessary to give it effect.

**3. Constitutional law ⬦29.**

Const. 1921, art. 7, §§ 10–18, establishing state judicial system, are complete, and do not depend for efficacy and operation on legislative will.

**4. Attorney and client ⬦36(1)—Nondefinition of misconduct held not to affect Supreme Court's jurisdiction to disbar; the constitutional provision for disbarment for conduct showing moral unfitness being declaratory (Const. 1921, art. 7, § 10).**

Const. 1921, art. 7, § 10, conferring jurisdiction on Supreme Court in disbarment proceedings involving misconduct, is not restrictive, but is declaratory, and authorizes disbarment for conduct such as to render attorney morally and professionally unfit to discharge duties; nondefinition of misconduct not affecting jurisdiction.

**5. Attorney and client ⬦49.**

A proceeding to disbar an attorney at law is civil in nature, and is governed by rules applicable to civil actions.

**6. Attorney and client ⬦36(1).**

Right to disbar attorneys at law is inherent in court of competent jurisdiction, and, in absence of restrictive legislation, may be exercised as necessity requires.

**7. Attorney and client ⬦52.**

Petition to disbar attorney, alleging merely the facts on which foreign judgment of disbarment was based, without independently charging existence of those facts, *held* not to state cause of action.

**8. Attorney and client ⬦54.**

Where defendant in disbarment proceedings interposed exceptions by way of preliminary defense, he was entitled to decision from Supreme Court on the merit of his pleas.

Land and Brunot, JJ., dissenting.

Original suit by the State for the disbarment of John Q. Flynn. Suit dismissed.

E. A. O'Sullivan, of New Orleans, for appellant.

Percy Saint, Atty. Gen., and Philip S. Gidiere and Edward Rightor, both of New Orleans, for the State.

ROGERS, J. Defendant is a member of the bar of the state of Louisiana, having received his license from this court on May 16, 1887. After practicing his profession for a number of years in the city of New Orleans, he removed to the city of New York, where, in the year 1895, he became a member of the bar of the state of New York. On February 8, 1924, by an order of the appellate division of the Supreme Court of the state of New York, First Department, he was disbarred from practicing as an attorney and counselor at law in said state. In re Flynn, 203 N. Y. S. 29, 208 App. Div. 40. Subsequent to the issuance of this order, defendant returned to the city of New Orleans, and re-engaged in the practice of law. On July 7, 1925, this suit was instituted as an original proceeding in this court (Const. art. 7, § 10) by the state of Louisiana, through its Attorney General, to disbar defendant from practicing the profession of law in this state. Plaintiff's action is grounded upon the opinion and decree of the Supreme Court of the state of New York, and it is alleged in its petition that, by reason of his disbarment in said state, defendant is equally disqualified from practicing his profession in this state.

Defendant excepted, in limine, that this court was without jurisdiction ratione materiae, and that plaintiff's petition failed to

disclose a cause of action. With reservation of the exceptions, he answered, admitting the facts, but denying the conclusions of law, alleged by plaintiff.

[1] The first of defendant's exceptions is based upon the contention, first, that the provision in article 7, section 10, of the Constitution, conferring original jurisdiction upon this court in all disbarment proceedings "involving misconduct of members of the bar, * * * under such rules as may be adopted by the court," is not self-operating; that "misconduct" is a broad and general term which has not been defined either in the Constitution or by a legislative act; and, therefore, this court is without power or jurisdiction to declare what acts or deeds shall, or shall not, constitute misconduct on the part of members of the bar. Secondly, that the basis of the present action is the judgment of a court of another jurisdiction which can have no extra-territorial effect, and is insufficient to confer jurisdiction upon this court to revoke the license to practice law which it has heretofore granted to the defendant.

[2, 3] The first point of defendant's contention under the exception is untenable. A constitutional provision is self-operating, where no legislation is necessary to give it effect. State v. Caldwell, 23 So. 869, 50 La. Ann. 666, 41 L. R. A. 718, 69 Am. St. Rep. 465. Article 7 of the Constitution provides for, and establishes, the judicial system of the state. The jurisdiction of this court is defined, and its powers are set forth in sections 10 to 18, both inclusive. These provisions are complete in themselves. They do not depend for their efficacy and operation on the legislative will.

[4, 5] We cannot accede to the proposition that the present proceeding is not cognizable by the court because of the non-definition of the word "misconduct." The fundamental error of defendant's argument on this point is in assuming that a disbarment proceeding is in the nature of a criminal prosecution.

It is true, a few jurisdictions hold that proceedings of this character are of a quasi criminal nature, but the great weight of authority, including the Supreme Court of the United States, sustains the view that a proceeding to disbar an attorney is civil, not criminal, in its nature, and is governed by the rules applicable to civil actions; the purpose thereof being to purify the bar and not to punish the respondent. Thornton, Attys. at Law, § 867, vol. 1, p. 1282. See State v. Rightor, 22 So. 195, 49 La. Ann. 1017.

[6] Moreover, the right to disbar is inherent in a court of competent jurisdiction. In the absence of restrictive legislation, this right may be exercised as necessity requires. Thornton, Attys. at Law, § 758, vol. 1, pp. 1167-1169. The constitutional provision is not restrictive, but is declaratory, of the existence in this court of its power to disbar; and it may exercise this power, where, in a proper proceeding, any conduct of an attorney is shown to be such as to render him morally or professionally unfit to discharge the duties of his office.

The second point of defendant's contention under the exception does not raise, in our opinion, a jurisdictional question. It is rather an attack on the right of the plaintiff to invoke the judgment rendered by a court of another jurisdiction as the basis for its demand that defendant's license to practice law in this state be annulled by this court. The determination of the issue properly falls under the discussion of the exception of no cause of action, wherein we shall treat and dispose of it.

[7] Passing to the consideration of defendant's second exception, we have concluded that the plea should be sustained. The Supreme Court of New York found the defendant guilty of professional misconduct, and disbarred him. The proceeding before this court is grounded entirely upon the action of the New York Supreme Court, and, while the

petition sets forth the facts upon which the order of that court was based, it does not independently charge the existence of those facts as a cause of action against the defendant here.

In Ex parte Tillinghast, 4 Pet. 108, 7 L. Ed. 798, the Supreme Court of the United States, through Chief Justice Marshall, admitted an attorney to practice before said court, notwithstanding his name had been stricken from the roll of counselors of the district court of the Northern district of New York by the order of the judge of that court for contempt. The United States Supreme Court, in refusing to recognize the order of the district court, held that it did not feel authorized to punish relator for the offense which had been committed in the other court. On the authority of that case, the United States Circuit Court, Sixth Circuit, with Judges Lurton, Severens, and Warrington sitting, decided that an action for the disbarment of an attorney could not rest merely upon the judgment of a court of another jurisdiction, but must be based upon allegation and proof of an actual offense. In that proceeding the Supreme Court of Ohio had disbarred an attorney for professional misconduct, and a transcript of that action was presented to the federal court, where a motion was made for the entry of a similar order. This motion was denied. Later, in a proceeding in which specific charges were alleged and proved, the attorney in question was disbarred. See Thatcher v. United States, 212 F. 801, 129 C. C. A. 255.

When we consider the question from the standpoint of pure reason and sound public policy, the correctness of the conclusion which we have reached in this case is apparent. In respect to the punishment of crimes, the imposition of penalties and in matters of disqualification of attorneys each state acts within its own territorial limits, and the federal government within its own sphere. What is deemed an offense or mis-

conduct in one jurisdiction may not be considered as an offense or misconduct in another jurisdiction. A felony in one state may not be a crime at all, or may be only a misdemeanor, in another state. Violations of the law are often only technical, and involve no moral turpitude. Such offenses may be punished in one jurisdiction by imprisonment in the penitentiary, while in another jurisdiction a fine or short term in the parish or county jail may be deemed sufficient to meet the requirements of the law. Conduct which would be considered sufficient to disbar an attorney in one state or in the federal courts might be deemed insufficient to disbar him in another state, or might not be deemed of such a grave character in that state as to require his disbarment, when an order of suspension would adequately respond to the necessities of the case.

The authorities, including Dormenon's Case, 1 Mart. (O. S.) 129, and State v. Stringfellow, 54 So. 943, 128 La. 463, cited by counsel for plaintiff, are appropriate to the merits of this proceeding, but they are not pertinent to the discussion of the soundness, vel non, of the exceptions filed by the defendant.

[8] Although our ruling in this case may appear to be somewhat technical in its nature; nevertheless, even for so praiseworthy an object as purging the bar of unworthy members, we do not feel that we would be justified in departing from the regular and orderly method of hearing and determining legal controversies. The defendant interposed his exceptions by way of a preliminary defense, as was his right, and he is entitled to a decision from this court on the merit of his pleas.

We do not wish, however, to be understood as laying down the rule that professional misconduct of members of this bar committed beyond the limits of this state may not be investigated and acted upon by this court. We are only holding that in this proceeding we

are not justified in entering upon such investigation and taking action thereon.

For the reasons assigned, the exception of no cause of action is sustained, and plaintiff's suit is dismissed.

LAND and BRUNOT, JJ., dissent.