HIGGINS, Justice
 

 (dissenting).
 

 The petition filed by the Committee on Professional Ethics and Grievances asking for the disbarment of the defendant attorney, alleges that she “was convicted of a felony in the United States District Court for the Eastern District of Louisiana, New Orleans Division, in the matter entitled United States of America v. Joseph H. Connolly and Mary H. Connolly, No. 20,275 of the Criminal Docket of said Court, as will appear from the certified copy of the judgment of conviction attached hereto”; that “the said judgment of conviction is now final”; and that “under the Articles of Incorporation of the Louisiana State Bar Association, Section 12, Article. XIII, which said charter is now a part of the rules of this Court, your Committee now presents to the Court the evidence of conviction in order that the Court, if in its opinion, the case warrants such action, may enter an order striking the name of the said Mary H. Connolly from the roll of attorneys and cancelling her license to practice law in the State of Louisiana.”
 

 The judgment of conviction annexed to the petition shows that on March 4, 1942, the defendant and her husband entered pleas of nolo contendere to the offense charged in the indictment of “wilfully attempting to defeat and evade the payment of income taxes due the United States for the years 1936, 1937, 1938 and 1939”; that having been convicted upon these pleas, they were ordered to pay certain fines and one-half the costs of court; that.the prison sentences were suspended and they were placed under probation for a period of five years, conditioned upon paying the above fines and costs of court, and the income taxes due, With penalties.
 

 The defendant filed an exception of no cause of action and pleaded that the rule of the Court is not applicable to her case, and that, in the alternative, if the Court
 
 *381
 
 construed it so as to apply to her case, the rule is unconstitutional, being violative of Section 10, Article VII of the Constitution of 1921.
 

 The relevant part of Article VII, Section 10 of the Constitution of 1921, provides “It [Supreme Court] shall have exclusive original jurisdiction in all disbarment cases involving misconduct of members of the bar, with the power to suspend or disbar under such rules as may be adopted by the court * * (Brackets ours.)
 

 The first part of the above quoted language of the Article of the Constitution grants exclusively to this Court jurisdiction as a trial court or court of first instance and authority to hear and decide a particular type of case, that is, a disbarment one, arising from misconduct of members of the bar. No other tribunal has the right to entertain jurisdiction of such cases, because our jurisdiction is exclusive. This language not only places upon this Court the responsibility and duty of determining for itself, by competent evidence, whether or not an attorney ha's been guilty of misconduct warranting his suspension or disbarment but grants to the attorney charged with misconduct the right to have this Court and no other court, or jury, or body, decide from competent and relevant evidence if he has been guilty of misconduct and, if so, what punishment should be inflicted — suspension or disbarment. The language of the second part of the sentence gives this Court the power to make its judgment or decree effective by suspending or disbarring the wrongdoer — the punishment to be in proportion to the gravity of the offense or to the moral turpitude involved. In short, if the offense is a minor one, a suspension for some period of time would be adequate for the protection of the bar and public and for the disciplining of the erring member. On the other hand, if the offense committed shows that the attorney is so lacking in those qualities of character and moral stability as to render him unfit to perform his professional duties, the punishment would be more severe — disbarment. The degree of punishment is left by the constitutional grant of power to the discretion of the Court, and it is to be exercised with wisdom and justice, as the facts of each case warrant. A third provision in the language above quoted authorizes the Court to adopt rules in connection with disbarment cases involving misconduct of members of the bar. Obviously, the rules which may be adopted are those pertaining to and governing pleadings and procedure in such cases. This rule-making power necessarily is merely incidental to the fundamental constitutional grant of jurisdiction with power to punish members of the bar for misconduct. The right of the Court to adopt such rules cannot logically or soundly be said to give the Court the authority to make any rule which would add to its jurisdiction grounds of disbarment per se, independent of misconduct, nor can the Court be said to have authority under its rule-making power to delegate, abandon, or surrender the exclusive original jurisdiction conferred upon it by this constitutional grant. The Court has acted under this constitutional authorization and passed rules of adjective law by
 
 *383
 
 providing that a disbarment proceeding is a summary one, that the testimony may he taken before a commissioner appointed by the Court, that the defendant would have the right to offer proof to rebut any evidence tending to show that he was guilty of wrongdoing and to have the Court consider and determine his case as any other civil one — by being informed of the facts thereof through the pleadings and by the evidence in the record, before reaching its conclusion on the question of the guilt or innocence of the defendant, and the proper punishment to be inflicted. In re Kenner, 1933, 1934, 178 La. 774, 152 So. 520.
 

 Under the constitutional authority above referred to, this Court has adopted as a rule, Section 12 of Article XIII of the Articles of Incorporation of the Louisiana State Bar Association, as follows:
 
 "Member Convicted, of Felony. Whenever any member of the bar shall be convicted of a felony and such conviction shall be final, the Committee may present to the Supreme Court a certified or exemplified copy of .the judgment of such conviction, and there upon the court may, without further evidence, if in its opinion the case warrants such action, enter an order striking the name of the person so convicted from the roll of attorneys and cancelling his license .to practice law in the State of Louisiana.
 
 Upon the person so convicted being pardoned by the President of the United States or Governor of this State, the Court, upon application, may vacate or modify such order of disbarment.” (Italics ours.)
 

 The above rule is susceptible of several interpretations: (1) That a final conviction, evidenced by a certified copy of such judgment, by mere legal operation ipso facto authorizes the Court to enter an ex parte order striking the name of the attorney from the roll and cancelling his license to ' practice; (2) that as appears from a certified copy of the judgment, a final conviction of a felony is conclusive evidence of the defendant’s guilt, and the Court, without any hearing, has the authority to enter an order striking his name from the roll of attorneys and cancelling his license; (3) that the Court in its discretion may permit the introduction of further evidence in addition to the certified copy of the final judgment of conviction, if it decides to do so; and (4) that the certified copy of the final judgment of conviction per se is sufficient evidence to warrant the disbarment of an attorney.
 

 With reference to constructions (1) and (2), it is apparent that the Court is not hearing and deciding the case upon competent and relevant evidence for itself as it is required to do by the Constitution, but it is substituting for its own judgment (as a trial court or a court of first instance, with exclusive jurisdiction in such cases) the verdict of a' jury in another tribunal in a criminal proceeding. Realizing that the Court would be placed in the position of having created under its rule-making power an independent or per se ground of disbarment, that is, conviction of a felony, wholly disassociated from the question of misconduct of the member of the bar, and that in so doing, it exceeded its constitutional authorization, it is said by the Committee that the copy of the conviction would
 
 *385
 
 merely establish a prima facie case of misconduct.
 

 It is likewise clear under the first two interpretations of the rule that the Court would abandon the jurisdiction which it is obliged to exercise independently for itself, by accepting in lieu of its own judgment the verdict of the jury representing nothing more than the opinion of the members thereof that from the evidence they heard' in the criminal proceeding, the accused was guilty of the crime charged. In re Platz, 42 Utah 439, 132 P. 390, 392. So, again, it is said that the Court is not abandoning or delegating its jurisdiction by substituting the opinion of the members of the jury for its own, but that the certified copy of the verdict is mere prima facie evidence of misconduct. Briefly, it is conceded by the Committee and in the majority opinion that the defendant, whose disbarment is sought, has the right to insist that this Court confine its jurisdiction to the question of misconduct and that she is entitled to a hearing before this Court, to determine the question of her guilt or innocence vel non.
 

 It will be observed that our rule is silent as to whether a certified copy of a final verdict of conviction is prima facie evidence of the misconduct of a member of the bar. The Court could not make any such general statement for the reason that there are a great many offenses classified as felonies under the federal laws and other state laws that are merely made misdemeanors in our State, or are not crimes at all here, and other offenses which are made felonies that do not necessarily involve moral turpitude. State v. Flynn, 1926, 160 La. 483, 107 So. 314; In re Donegan, 1940, 282 N.Y. 285, 26 N.E.2d 260; People v. Brayton, 100 Colo. 92, 65 P.2d 1438; State ex rel. Grievance Committee v. Biggs, 52 Or. 433, 97 P. 713; In re Ebbs, 150 N.C. 44, 63 S.E. 190, 19 L.R.A.,N.S., 892, 17 Ann. Cas. 592.
 

 Futhermore, the rule does not expressly or impliedly provide for the changing of the rules of evidence and shifting the burden of proof from the plaintiff to the defendant.
 

 A reading of the rule in question shows that .the Court intended that the final conviction of a felony was an independent or per se ground of disbarment, because it does not in such case provide for a hearing and authorizes the Court to enter an order striking the name of the attorney so convicted from the roll of attorneys and cancelling his license. This is made clear because under the rules of evidence a certified copy of the verdict of a jury is • admissible in evidence to prove that the defendant was convicted of a felony, but not admissible to prove any facts upon which the verdict was based. The petition of the Committee was presented to the Court solely on that ground and misconduct is no where alleged therein.
 

 The contention that the rule provides that the certified copy of the final judgment of conviction of a felony establishes a prima facie case against the accused is predicated upon the language that “the court may, without further evidence, if in its opinion the case warrants such action”, strike the name of the attorney from
 
 *387
 
 the roll and cancel his license. Therefore, it is said that the Court has neither made conviction of a felony an independent ground of disbarment nor surrendered its jurisdiction, because it reserves its authority to hear any defense that the accused may wish to make and then determine for itself, if he is guilty or not. It is reiterated that the rule does not say anything about a prima facie case, hut merely states that the Court, in its discretion, or at its pleasure, may, if it sees fit, permit the further introduction of evidence, and if it chooses not tp do so, it has the right to disbar the lawyer simply upon presentation to it of a certified or exemplified copy of the final judgment of conviction. Now, the defendant has a right, under the Constitution, expressed in the clearest terms, to have this Court, as a court of first instance, with exclusive jurisdiction, determine from competent evidence whether or not she has misconducted herself. The Court, therefore, has no right under its constitutional grant of' authority or inherent power to make rules, under which it has the discretion to refuse to permit the defendant to introduce evidence tending to show that she was innocent of any acts of misconduct or wrongdoing. Very plainly, the question here is not one involving the inherent power of the Court, because it cannot be held to have inherent powers superior to constitutional restrictions and limitations. In re Fourchy, 175 La. 628, 143 So. 714.
 

 The majority opinion holds that as the rule in question only establishes a prima facie case of misconduct against the defendant upon an exemplified copy of the final judgment of conviction being presented to the Court by the Committee, the constitutional requirements are met, because the Court has neither delegated nor abandoned its jurisdictional authority nor created an independent ground of disbarment, irrespective of misconduct. It is also stated in the majority opinion that the rule in question is applicable in the instant case. Let us determine if these conclusions are correct. From the petition and the annexed document, all that the Court is informed of is that the defendant was charged in an indictment in the United States District Court with the wilfull attempt to defeat and evade income taxes due the United States government, and that she pleaded nolo contendere to those charges, and was fined and placed under probation.
 

 Assuming, as stated in the majority view, that the petition and annexed document establish a prima facie case against the defendant and that “the court may, without further evidence, if in its opinion the case warrants such action, enter an order striking [her name] from the roll of attorneys and cancelling [her] license to practice law in the State of Louisiana,” an anomalous result inexorably follows. If the accused did not appear and let judgment go by de- , fault, all the Committee would have to do, in order -to establish its case, would be to introduce the certified copy of the final judgment of conviction. If such final judgment is held to be sufficient evidence to establish a prima facie case, then, necessarily, this means that the Court has before it sufficient facts by which it can determine
 
 *389
 
 for itself whether or not the defendant is guilty of misconduct, and if so, the extent of the punishment to be inflicted. It will be remembered that the Constitution leaves to the discretion of this Court, the degree or extent of the punishment to be imposed upon the attorney who has been found guilty of misconduct. When the Committee introduces a certified copy of the judgment in question and, of course, this is on the trial of the merits of the case, all we would know is that the defendant had pleaded nolo contendere to an -indictment charging her with wilfully attempting to defeat and evade the payment of Federal income taxes. We would not know the facts of the case. We would not know what acts were committed by the defendant tending to show wilfull attempts to defeat and evade the payment of the taxes. We would not know the degree of moral turpitude involved in such act or acts, nor would we know the gravity of the defendant’s misconduct. Therefore, the Court would be at a complete impasse, unless it decided to act blindly and disbar the attorney without being informed of the facts of her case. It might well be, as is indicated by the fact that the imposition of a prison sentence was' suspended by the learned United States District Judge, that there were extenuating circumstances in the case, or that the attempt to evade the tax was technical and not fraudulent and, therefore, a judgment of suspension would be a more appropriate form of punishment than disbarment. It is certain that the members of this Court would be compelled to request proper evidence of the facts of the case. If the Committee were authorized to obtain those facts ex parte, again the defendant’s constitutional right .to have the Court determine for itself by competent evidence whether or not she was guilty, would be violated. If the Court were to instruct the Committee that it required evidence of the facts of the case and these facts were to be obtained contradictorily with the defendant, then the Court, because of the constitutional requirements, would be compelled finally to do what it should have done from the beginning, and that is to require the Committee, as in any other civil case, to set forth the allegations of fact in the petition and to prove those facts by competent and relevant evidence. Even in civil cases in our City courts involving only $100, the rule is well-established that the plaintiff must allege the facts of the case upon which he relies and.prove them. If this procedure is so essential to justice as to be uniformly established in minor civil matters, then it is apparent that this manner of pleading and procedure should not be lightly cast aside in a disbarment proceeding where the honor of a member of the bar is at stake or something more precious to him than life itself.
 

 Suppose the defendant, on the trial of the case on the merits, attempted to introduce evidence, but .the Court — acting under the authority conferred upon it by its rule that it could without further evidence enter an order disbarring the attorney — refused to permit the introduction of that evidence, the defendant would be deprived óf his day in Court. To say that this Court would not so act as to deprive the defend
 
 *391
 
 ant of an opportunity to present her evidence, is begging the question, because the issue is whether or not the rule violates the Constitution in granting to the Court the power to deprive the defendant of her right to introduce such testimony. It is submitted that the rule does give the Court the absolute and unquestionable authority in its discretion to prevent the defendant from introducing any evidence to overcome the prima facie case established by a certified copy of the final judgment of conviction.
 

 It is not an answer to the defendant’s exception and plea in this case for this Court to say that the question of whether or not a certified copy of the verdict of the jury will be held to be sufficient evidence to warrant her disbarment will arise only on the merits of the case. The rule of this Court under attack is either applicable or inapplicable, constitutional or unconstitutional. If the rule is applicable here and construed to mean that it establishes a prima facie case by merely permitting the introduction of a certified copy of the final judgment of conviction, and that the Court, in its discretion, without further evidence, may disbar the lawyer by accepting the opinion of the jury in lieu of the judgment of this Court, the rule is unconstitutional and by giving it a strained prima facie case construction, it will not be saved.
 

 The cases from other jurisdictions where the courts have held under legislative acts that a certified copy of the verdict -of a jury is prima facie evidence of the defendant’s guilt, do not deal with a constitutional provision such as we have in this State and, therefore, they are not apposite here.
 

 The case of State v. Stringfellow, 1911, 128 La. 463, 54 So. 943, does erroneously hold that the final judgment of conviction of a felony is conclusive evidence of the defendant’s guilt. However, it will be noted that no authority whatsoever is cited to that effect nor is there any reference to Article 85 of the Constitution of 1898, which is identical with the one in question, except that the word “professional” was used before the word “misconduct” and was deleted in the Constitution of 1921. Ever since the adoption of Article 85 of the Constitution of 1898 (which' was readopted as Article 85 of the Constitution of 1913, and placed in the Constitution of 1921, except that the word “professional” was eliminated), this Court has always set a disbarment case for trial.
 

 It is respectfully submitted that it would be a useless and vain ceremony to order the defendant to show cause why she should not be disbarred, when the rule makes the final judgment of conviction of a felony conclusive evidence of guilt of misconduct or establishes such a prima facie case of guilt that the Court may, in its discretion, decide the case without hearing any other evidence.
 

 The fact that the Court has uniformly, under all three of the Constitutions, set the cases for hearing, shows its own contemporaneous construction of the Articles of the Constitution in question and that it recognizes the right of the defendant to have this Court hear and decide his case.
 
 *393
 
 upon proper pleadings and competent evidence. This is conclusively shown by the case of State v. Flynn, 1926, 160 La. 483, 107 So. 314, where this Court, with all of the facts before it upon which the defendant was disbarred in New York for testifying falsely, converting his client’s money, and revealing confidential information imparted to him in his professional capacity as a lawyer, held that the exception of np right or cause of action was well founded, because the defendant was entitled to have the specific charges of misconduct alleged in the petition and the disbarment in another jurisdiction was not an independent ground of disbarment in this State. It is stated that this case is not in point for the reason that the defendant in that case had not been convicted of a felony and we did not have any rule with reference to disbarring an attorney, who had been finally disbarred for misconduct in another State. We did not have such rule and the defendant in that case had not been convicted of a felony but the Article of the Constitution in question was the law of this State at that time and the members of this Court properly recognized that this was a Court of exclusive original jurisdiction in disbarment cases involving misconduct of menlbers of the bar, and, therefore, it was encumbent upon the Committee representing the Bar Association to allege and prove the act or acts of wrongdoing which were claimed to be misconduct. In other words, the Court required of the Committee as of any plaintiff in a civil proceeding, that it allege the facts upon which it relied and prove them by competent evidence.
 

 Any uncertainty about the position that this Court has taken with reference to this question surely was clarified and made definite by its decision in the case of In re Edwards, 1929, 167 La. 546, 119 So. 868. In that case, the attorney was indicted by the Grand Jury of Franklin Parish, Louisiana, in five separate and distinct indictments for having embezzled his client’s funds. He pleaded guilty and was sentenced to the State Penitentiary. While he was there, the Committee filed a petition for disbarment, alleging all' of the facts of the case and annexing certified copies of the indictments, the minutes of the court showing the conviction and sentence, the affidavit of the district attorney, that the attorney and defendant was one and the same person, and an affidavit by the warden of the penitentiary that the defendant attorney was confined in the penitentiary. Notwithstanding all of this, the Court set the case for hearing regularly and required the Committee to prove the case, as shown, by the opinion of the Court, from which we quote the following:
 

 “That rule provides that, whenever any member of the bar shall be convicted of a felony and such conviction shall be final, the person so convicted may be stricken from the rolls and his license to practice law canceled.
 

 “The defendant was served with the rule and cited to answer the same, but he failed to appear by answer or otherwise.
 

 "A trial was had in open court, and due proof was made of the facts as herein recited.
 

 
 *395
 
 “Embezzlement is made a felony by the statutes of this state, and the conviction of the defendant had become final, prior to the filing of this proceeding.” (Italics ours.)
 

 In all of the original records of this Court where the disbarment of an attorney was sought, it appears that the Committee has consistently followed the practice of alleging the facts in the case as it did jn the Edwards case — thus showing the uniform construction placed by the Committee itself upon the rule in question, as well as the section of the Constitution that governs this case.
 

 If the regular manner of pleading and procedure in civil cases is not followed in disbarment cases because the court is proceeding differently under its alleged inherent power or its rule-making power, an attorney who attempts to defend a member of the bar charged with misconduct, would be at a loss to know how to proceed.
 

 The defendant is merely asking the Court to require its Committee on Professional Ethics and Grievances to allege the facts upon which her disbarment is sought and to prove those facts by competent testimony and not by hearsay or opinion evidence.
 

 As this is a civil case, the defendant here is entitled, as the defendant in any civil proceeding, to have the Court direct the plaintiff to allege the facts upon which it relies to state a cause of action.
 

 The petition in this case wholly fails to set forth any act or acts of misconduct whatsoever. It is clear that the Committee presented the petition with the annexed copy of the judgment of conviction to make the conviction of the felony the sole basis for the disbarment suit. The pleadings cannot be otherwise construed or viewed in any other light. The jurisprudence is well-established that where the plaintiff’s petition fails to state a cause of action due only to a lack of allegations of fact, the exception of no cause of action will be treated as an exception of vagueness and the plaintiff will be granted leave to amend the petition so as to allege the facts. Reeves v. Globe Indemnity Co., 185 La. 42, 168 So. 488.
 

 It would be sheer nonsense for the Court to adopt rules under its alleged plenary, inherent or implied rule-making powers, which in their scope, would go beyond its constitutional grant of exclusive original jurisdiction to hear and decide disbarment cases involving misconduct of members of the bar, because the lawyers could violate such rules with impunity, as the Court would be without power or jurisdiction to enforce them, unless it arbitrarily assumed or usurped such power and jurisdiction.
 

 As the inherent or implied power of this Court to adopt rules providing for the q'ualifications of attorneys to be admitted to the bar has not been restricted by the Constitution, but the power to suspend and disbar attorneys has been, the former is not pertinent to the issues in question.
 

 It is my opinion that the interpretation placed by the majority opinion upon the provisions of Section 12 of Article XIII
 
 *397
 
 of the Charter of the Louisiana State Bar Association, adopted as the rule of this Court, renders it unconstitutional, and is violative of Section 10 of Article 7 of the Constitution of 1921.
 

 It is also my view that the exception of no cause of action is well founded and should be sustained as an exception of vagueness, with leave to the Committee to amend its petition by setting forth the act or acts of misconduct upon which the defendant’s disbarment is asked.
 

 The reasons and authorities set forth in the dissenting opinion in the case of Louisiana State Bar Association v. Richard W. Leche, 201 La. 293, 9 So.2d 566, this day decided, are pertinent here.
 

 For these reasons, I respectfully dissent.