In the Matter of EDMUND J. DONEGAN, an Attorney, Appellant; ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Respondent.

286

Argued January 8, 1940; decided March 5, 1940.

*E. J. Dimock* for Edmund J. Donegan, appellant. Since appellant was not convicted of an offense which would have been a felony under the law of New York he was entitled to a hearing in the disbarment proceedings. (*Matter of Kaufmann*, 245 N. Y. 423; *Pearson* v. *Pearson*, 230 N. Y. 141; *Sims* v. *Sims*, 75 N. Y. 466; *People ex rel. Atkins* v. *Jennings*, 248 N. Y. 46; *Matter of Eldridge*, 82 N. Y. 161; *Wilson* v. *Manhattan Ry. Co.*, 2 Misc. Rep. 127; 144 N. Y. 632.) Appellant has not been convicted of a felony within the terms of section 88 of the Judiciary Law (Cons. Laws, ch. 30). (*People ex rel. Atkins* v. *Jennings*, 248 N. Y. 46; *Matter of Kaufmann*, 245 N. Y. 423; *Matter of Biggs*, 52 Ore. 433.)

*Theodore Kiendl, Einar Chrystie* and *Warren S. Fogel* for respondent. The provisions of the Judiciary Law regulating the disbarment of attorneys at law include as a cause for automatic disbarment a conviction in the United States court for a felony committed in violation of a Federal statute. The appellant has been convicted of a felony within the terms of section 88 of the statute. (*Barnes* v.

*District Court of Appeal,* 178 Cal. 500; *Matter of Canter,*
146 Misc. Rep. 123; *State of Florida* v. *Mellon,* 273 U. S.
12; *Pollard* v. *Hogan,* 44 U. S. 212; *Hauenstein* v. *Lynham,*
100 U. S. 483; *Matter of Minner,* 133 Kan. 789; *Matter of
Lindheim,* 195 App. Div. 827; *Matter of Felder,* 214 App.
Div. 57; *Matter of Ackerson,* 218 App. Div. 388; *Matter of
Comyns,* 132 Wash. 391; *Commonwealth* v. *Porter,* 242 Ky.
561.)

FINCH, J. The decision in this case involves the inter-
pretation of section 88 of the Judiciary Law (Cons. Laws,
ch. 30), which provides for the summary and irrevocable
disbarment of an attorney in consequence of his conviction
of a felony.

As a result of the collapse of the guaranteed mortgage
companies in the city of New York in 1933, appellant was
indicted and convicted in the United States District Court
for the Southern District of New York of the crime of
conspiracy to use the mails to defraud. (U. S. Code, tit. 18,
§ 88.) The conviction has been affirmed by the United
States Circuit Court of Appeals, Second Circuit, and
application for certiorari has been denied by the Supreme
Court of the United States. Likewise, petition for pardon
has been denied by the President of the United States.

The crime of conspiracy, of which appellant stands con-
victed, may be punished by imprisonment for not more
than two years. (U. S. Code, tit. 18, § 88.) By the laws of
the United States, " All offenses which may be punished by
death or imprisonment for a term exceeding one year shall
be deemed felonies. All other offenses shall be deemed mis-
demeanors." (U. S. Code, tit. 18, § 541.) Under the law of
New York, however, unless special provision is made therefor
(See Penal Law, §§ 581, 953, 1436, 2052), conspiracy to
commit a crime is only a misdemeanor. (Penal Law, § 580.)
Thus appellant has been convicted of a crime which is a
felony under the laws of the United States but which would
be only a misdemeanor when cognizable under the laws of
this State.

The Judiciary Law of this State provides:

"§ 88. Admission to and removal from practice by appellate division. * * *

"3. Whenever any attorney and counsellor-at-law shall be convicted of a felony, there may be presented to the appellate division of the supreme court a certified or exemplified copy of the judgment of such conviction, and thereupon the name of the person so convicted shall, by order of the court, be stricken from the roll of attorneys.

"4. Upon a reversal of the conviction for felony of an attorney and counsellor-at-law, or pardon by the president of the United States or governor of this state, the appellate division shall have power to vacate or modify such order or debarment."

"§ 477. Attorney convicted of felony shall cease to be attorney. Any person being an attorney and counsellor-at-law, who shall be convicted of a felony, shall, upon such conviction, cease to be an attorney and counsellor-at-law, or to be competent to practice law as such."

Acting under its interpretation of these sections, the Appellate Division, first judicial department, has stricken the name of appellant from the roll of attorneys upon the presentation of exemplified copies of the judgment of conviction and without further hearing upon the ground that it is constrained so to do by subdivision 3 of section 88 of the Judiciary Law.

The Judiciary Law commits to the Appellate Division in full measure responsibility for admission to and removal from practice. (Judiciary Law, § 88, subd. 2.) Only in the case of conviction of felony, however, is resort to its discretion foreclosed. (Judiciary Law, § 88, subd. 3.) Then disbarment follows *de cursu* upon presentation of an exemplified copy of the judgment of conviction subject to reconsideration only after the exercise of executive clemency or reversal of the judgment of conviction on appeal. (Judiciary Law, § 88, subd. 4.) We are not concerned with the merits. The question presented is solely whether the term "felony," as employed in the above sections of the Judiciary Law, providing for summary, permanent disbarment, includes an offense defined as a felony by Federal

statute, which, if cognizable under the laws of New York, would at most be a misdemeanor, since, as already noted, in general, conspiracy under the laws of this State does not rise above that category of crime.

In view of the reference to presidential pardons in subdivision 4 of section 88, appellant does not contend that the term " felony," as used by the Judiciary Law, be confined to the definition in section 2 of the Penal Law, which provides that a felony is " a crime which is or may be punishable by (1) death; or (2) imprisonment in a state prison." Obviously, the President of the United States cannot pardon offenders against the laws of this State, and, therefore, subdivision 4 of section 88 of the Judiciary Law necessarily indicates an intent to include some form of Federal crime and not to be restricted to the definition of the Penal Law of New York, for otherwise the reference to presidential pardons would be utterly meaningless.

At early common law the term " felony " was applied to describe the more serious offenses cognizable in the royal courts, conviction for which entailed forfeiture of life, limb and chattels and escheat of lands to the felon's lord after a year and a day in the king's hands. (2 Holdsworth, History of English Law, 357, 358.) Subsequently, however, the classification was so greatly enlarged (4 Holdsworth, *op. cit. supra*, 501–512), that many offenses not involving moral turpitude were included therein (*e. g.*, fishing in a private pond by night and breaking the head of a private pond by night or day, 31 Henry VIII, ch. 2; witchcraft, 5 Eliz. ch. 16; 1 Jac. I, ch. 12; casting the queen's nativity, 23 Eliz. ch. 2; the failure of Egyptians to leave the country within a specified time, 1, 2 Philip & Mary, ch. 4). The reception of common law in this country and the development of numerous sovereign jurisdictions resulted in many instances in complete reclassification of crimes and punishments. Naturally, the system adopted by the various legislative bodies did not coincide. Consequently, although there is in effect unity in the condemnation by the use of the term " felony " of certain basic offenses against society,

*e. g.*, murder, robbery, arson, etc., generally the meaning of the term varies with the jurisdiction. As was said in *Matter of Biggs* (52 Ore. 433, at p. 435): "Neither the words 'felony' or 'misdemeanor' of themselves have any exactness or precision of definition * * * the word 'felony' is of itself, as said by Mr. Chief Justice Agnew, 'incapable of any definition, and is descriptive of no offense.' *Lynch* v. *Commonwealth*, 88 Pa. 189, 192 (32 Am. Rep. 445). It is a matter of statutory provision, and what may be a felony in one jurisdiction may be a misdemeanor in another, and *vice versa*, and in some jurisdictions crimes may not be classified at all. * * *."

Similarly, in discussing the clause of the United States Constitution which authorizes Congress to define and punish felonies committed on the high seas, it was said by Madison: " Felony is a term of loose signification, even in the common law of England; and of various import in the statute law of that kingdom. But neither the common nor the statute law of that, or of any other nation, ought to be a standard for the proceedings of this, unless previously made its own by legislative adoption. The meaning of the term, as defined in the codes of the several states, would be as impracticable, as the former would be a dishonorable and illegitimate guide. It is not precisely the same in any two of the states; and varies in each with every revision of its criminal laws. For the sake of certainty and uniformity, therefore, the power of defining felonies in this case was in every respect necessary and proper." (The Federalist, No. XLII [Lodge ed.], 260, 261.)

Thus the classification of crimes into felonies and misdemeanors represents the view which the *given* jurisdiction takes of the gravity of the offense.

Section 88 of the Judiciary Law, though including at least some form of Federal crime, is ambiguous as to the following three situations: (1) Where an offense is a felony under Federal law and also a felony under the New York law; (2) where an offense is a felony under Federal law but is a crime less than a felony in this State; (3) where an

offense is a felony solely under Federal law and is not cognizable at all under our laws. It is submitted that only the first of the three categories is covered by section 88 of the Judiciary Law. Otherwise, there would be the anomalous result whereby the statute would require the Appellate Division summarily to disbar for life without the possibility of modification for an offense which is a felony under the laws of the United States but which, if punished by the laws of this State, would permit of a hearing and less severe results.

Since various consequences, in addition to the punishment prescribed by the Penal Law have always been visited upon the felon (e. g., disqualification from holding positions of trust, Surr. Ct. Act, § 94, subd. 4; loss of franchise, Election Law [Cons. Laws, ch. 17], § 152; formerly, disqualification as a witness, 2 R. S. 701, § 23; harsher punishments, Penal Law, §§ 1941, 1942), the problem has arisen before in the interpretation of statutes as to whether convictions for felony, as defined by the laws of other jurisdictions, should be followed by the consequences which would result upon conviction for felony as defined by the statutes of this State. (*Sims* v. *Sims*, 75 N. Y. 466; *People ex rel. Atkins* v. *Jennings*, 248 N. Y. 46; *Matter of Cohen*, 278 N. Y. 584.)

In *Sims* v. *Sims* (*supra*), where 2 R. S. 701, section 23, provided in effect that no person " sentenced upon a conviction for felony " should be competent to testify in any cause, it was said, " I think it quite clear that the disqualification created by this statute is consequent only upon a conviction in this State * * *. Crimes might be felonies in other States which did not fall within our statutory definition. " (pp. 468, 469.)

Likewise, in construing the terms of a commutation of sentence by the Governor, it was held in *People ex rel. Atkins* v. *Jennings* (*supra*) that the use of the term " felony " referred to crimes which are felonies by the laws of this State. More recently, in *Matter of Cohen* (*supra*) this court affirmed a determination that the word " felon," as used in subdivision 4 of section 94 of the Surrogate's Court Act, in disqualifying certain persons from holding fiduciary

offices, does not include one rendered a felon by Federal statute who was not such under New York law.

But there is a further reason for such an interpretation. Although disbarment is not strictly a punishment for crime, but only the withdrawal of a privilege (*Matter of Rouss*, 221 N. Y. 81, 91), it cannot be denied that the requirement of automatic and irrevocable disbarment for life provided by the Judiciary Law, is in effect a consequence most severe, and partakes of the nature of punishment. Hence the statute must be interpreted in the light of the fundamental canon that penal statutes must be strictly construed. (59 C. J. p. 1113; *City of Rochester* v. *Rochester Gas & Elec. Corp.*, 233 N. Y. 39, 52; *U. S.* v. *Fruit Growers Express Co.*, 279 U. S. 363; *Prussian* v. *U. S.*, 282 U. S. 675.) Strict construction of section 88, subdivision 3, and section 477 of the Judiciary Law requires that the term " felony " include only those Federal felonies which are also felonies under the laws of this State, and exclude such Federal felonies as are " cognizable by our laws as a misdemeanor or not at all." (*People ex rel. Atkins* v. *Jennings*, 248 N. Y. at p. 52.)

It is urged, however, that subdivision 4 of section 88 of the Judiciary Law, in permitting modification by the Appellate Division in the event of a " pardon by the president of the United States," indicates that the Legislature intended that the word " felony," as used in subdivision 3 of section 88, include all felonies which are so under the Federal law, in addition to those which are felonies under our own statutes. But this contention is completely met by the fact that the reference to presidential pardon is given meaning by the inclusion of the first of the three categories noted above; nothing in the quoted phrase compels also its extension to acts which are not felonies under the laws of this State. Thus, under the interpretation at which we have arrived, all parts of the statute are given meaning without allowing the automatic operation of these provisions to cover a situation incompatible with a required strict construction.

Nothing in this opinion should be taken to change the discretion now lodged in the Appellate Division in dealing with an attorney under subdivision 2 of section 88.

The proceeding is remitted to the Appellate Division which may proceed under subdivision 2 of section 88 of the Judiciary Law, authorizing the Appellate Division to govern the conduct of attorneys. The judgment of conviction will constitute at least *prima facie* evidence of guilt of the crime charged. (Cf. *State* v. *O'Leary*, 207 Wis. 297; annotated, 81 A. L. R. p. 1193.) We do not need to go further.

The order of the Appellate Division should be reversed and the proceeding remitted to the Appellate Division to proceed in accordance with this opinion.

LOUGHRAN, J. (dissenting). Appellant, while a member of the bar of this State, was convicted in the United States District Court for the Southern District of New York of the offense of conspiracy to use the mails to promote frauds. This offense against the United States (U. S. Code, tit. 18, § 338) is deemed to be a felony (Id. §§ 88, 541). Upon the judgment of his conviction thereof and nothing else, the Appellate Division made its order finally removing the appellant from the practice of the law.

The court assumed to act in obedience to the following provision of the Judiciary Law of this State: " Whenever any attorney and counsellor-at-law shall be convicted of a felony, there may be presented to the appellate division of the supreme court a certified or exemplified copy of the judgment of such conviction, and thereupon the name of the person so convicted shall, by order of the court, be stricken from the roll of attorneys." (§ 88, subd. 3.) It is argued for the appellant that the word "*felony*," as so used, excludes the Federal felony of conspiracy to commit an offense against the United States. The base of this argument is the circumstance that in this State such conspiracies as are made punishable by the Penal Law are therein generally classified as misdemeanors. (Art. 54.) The question for decision thus turns upon the scope of

the foregoing provision of the Judiciary Law rather than upon any internal construction thereof; that is to say, the issue is whether that provision is applicable to the situation of the appellant.

In both the Federal criminal law and the criminal law of this State, the sole test of whether a given offense is a felony is the extent of the punishment therefor. Section 541 of title 18 of the United States Code provides that all offenses which may be punished by death or by imprisonment for a term exceeding one year shall be deemed felonies and that all other offenses shall be deemed misdemeanors. The New York Penal Law provides that a felony is a crime which is or may be punishable by death or by imprisonment in a State prison; that any other crime is a misdemeanor; that no person shall be imprisoned in a State prison if the term or maximum term of his sentence be less than one year; and that where a person is convicted of a crime for which the punishment is imprisonment for a term exceeding one year, or is sentenced to imprisonment for such a term, the imprisonment must be inflicted by ` confinement at hard labor in a State prison. (Penal Law, §§ 2, 2181, 2182, subd. 1, 2183.) Under the United States Code, conspiracies to commit offenses against the United States may be punished by imprisonment for not more than two years. (Tit. 18, § 88.) In a word, the statutory Federal offense of which the appellant was convicted in the Federal court called for punishment in a degree which meets the New York statutory measure of a felony.

Why, then, is that offense not included in the word " felony " as used in the foregoing provision of the Judiciary Law? Counsel for the appellant makes this answer: " The Federal law says that every conspiracy is a felony, and the New York law says that no conspiracy, not even a conspiracy to commit a felony, is a felony. There is a clearly intelligible public policy behind the New York law. * * * The New York law, therefore, in effect says to the prosecutor: ' If you can convict this man only through the use of the device of a conspiracy charge, it is

not so certainly a just conviction as to permit the severe penalties prescribed for felonies.' The federal law ignores these considerations. The decision below gives no effect to this difference in policy between the two sovereignties."

With that reasoning I cannot agree. To my mind, it means that the statutes of the United States are in this State foreign laws which for our State purposes must be taken to be limited by our local policies. Such a proposition is, of course, entirely inadmissible. " The United States is not a foreign sovereignty as regards the several States, but is a concurrent, and, within its jurisdiction, paramount sovereignty." (*Claflin* v. *Houseman,* 93 U. S. 130, 136.) The policy of the above-cited provisions of the United States Code is as much the policy of this State as if the enactment thereof had emanated from our State Legislature and is to be respected accordingly. (U. S. Const. art. VI; *Second Employers' Liability Cases,* 223 U. S. 1.) That Federal policy is the only policy existent in this State in respect of offenses against the mails. Such an offense is not punishable under the New York Penal Law. (*People* v. *Gutterson,* 244 N. Y. 243.) Nobody knows that a conspiracy to misuse the mails would be classified as a misdemeanor were the foregoing provisions of the United States Code to be duplicated by the Legislature of this State. There are conspiracies that are classified as felonies by the Penal Law (§§ 581, 953, 1436, 2052).

When the appellant was admitted to the bar of this State, he took the prescribed oath that he would support the Constitution of the United States. (Judiciary Law, § 466; N. Y. Const. art. XIII, § 1.) The offense of which he was convicted in the Federal court was a violation of the supreme law of the land which he was thus sworn to administer. (U. S. Const. art. VI.) In these circumstances, his responsibility under his professional status was not to be diminished by distinctions based upon the duality of sovereignty in our structure of government. (See *People* v. *Lafaro,* 250 N. Y. 336, 341.)

I see no reason for saying that the word " felony," as used in the foregoing provision of the Judiciary Law,

excludes the felony of which the appellant was convicted in the Federal court.

My vote is to affirm the order of the Appellate Division.

LEHMAN, Ch. J., RIPPEY and LEWIS, JJ., concur with FINCH, J.; LOUGHRAN, J., dissents in opinion in which SEARS, J., concurs; CONWAY, J., taking no part.

Ordered accordingly.