In the Matter of MORRIS S. KITZEN, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, March 8, 1946.

*S. C. Lewis* of counsel (*Einar Chrystie*, attorney), for petitioner.

*Charles Rothaus* for respondent.

*Per Curiam.* Respondent has been charged with professional misconduct in that he prosecuted claims for personal injuries which he knew were false and fictitious.

The record shows that the respondent filed as many as fifteen retainers in the name of one claimant; four were evidently signed at one time; he filed fourteen for another claimant and the latter's wife and a third claimant has a record of eleven alleged accidents. In support of some of such claims, respondent induced a physician to issue certificates of physical condition which respondent and the doctor knew were false. In one instance, respondent commenced suit on a fictitious claim for personal injuries without the consent of the individual alleged to have been injured. Respondent also endeavored to induce other individuals to assert claims for personal injuries.

The record shows that respondent was convicted of the crime of petit larceny in the Court of Special Sessions, New York County, which conviction was affirmed by this court. (*People* v. *Kitzen*, 267 App. Div. 760.) This criminal charge grew out of the collection of $50 from the Security Taxpayers Insurance Company in settlement of a fictitious claim asserted in the name of one Albert Mathews that he suffered personal injuries in January, 1942, as the result of an accident on the stairway of premises 118 West 137th Street. In *Matter of Donegan* (282 N. Y. 285) it was held that the record of a previous conviction of a crime constitutes prima facie evidence of guilt. In the criminal proceeding, respondent did not take the stand. Before the referee on the hearings of charges of professional misconduct, the story told by respondent fails to prove innocence of wrongdoing. The circumstances surrounding the Mathews claim leave no doubt that respondent was well aware of the fictitious nature of the claim.

Despite respondent's testimony that he believed that the claims asserted by him on behalf of his clients were genuine, our consideration of the entire record persuades us that he was engaged in the business of asserting false claims on some of which he collected sums of money which he shared with those who permitted the use of their names as clients for the purpose of assisting respondent in the perpetration of the fraud.

The respondent is unfit to continue as a member of the Bar. He should, therefore, be disbarred.

MARTIN, P. J., TOWNLEY, GLENNON, DORE and COHN, JJ., concur.

Respondent disbarred.