In the Matter of MAURICE EDELBAUM, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, March 10, 1960.

*Frank H. Gordon* of counsel (*Erick Nightingale,* attorney), for petitioner.

*Clarence Fried* for respondent.

*Per Curiam.* Respondent conceded that he had failed to file income tax returns for the years 1945 through 1953, inclusive, and on May 4, 1956 pleaded guilty to a two-count information filed against him in the United States District Court for the Eastern District of New York charging him with a misdemeanor in violation of subdivision (a) of section 145 of title 26 of the United States Code, now section 7203 of the Internal Revenue Code (U. S. Code, tit. 26, § 7203), in that he had failed to file

income tax returns for the calendar years 1952 and 1953, despite a gross income for those years of $24,175 and $19,483.33, respectively.

Respondent was admitted to practice in 1930 and no other charge of professional misconduct has ever been made against him.

Canon 29 of the Canons of Professional Ethics reads, in part: '' He should strive at all times to uphold the honor and to maintain the dignity of the profession and to improve not only the law but the administration of justice.''

Canon 32 of the Canons of Professional Ethics reads, in part: '' He must also observe and advise his client to observe the statute law ''.

Bearing in mind the holding of the Court of Appeals that judgments of conviction in misdemeanor cases constitute at least prima facie evidence of guilt of the crime charged (*Matter of Donegan,* 282 N. Y. 285, 293), this matter was referred to a Referee to take testimony and report to this court. We have examined the testimony before the Referee and conclude that his finding that canon 32 of the Canons of Professional Ethics has been violated by respondent should be sustained. We also find that canon 29 of the Canons of Professional Ethics has been violated and we overrule the Referee's finding to the contrary.

Under the circumstances, we find respondent's failure to file income tax returns for the periods aforesaid to be professional misconduct. Membership in the Bar is a privilege burdened with conditions; one of these conditions is that attorneys must be held to a high standard of conduct. Respondent has violated this condition and, in the circumstances, is guilty of professional misconduct. It follows that discipline is indicated.

Respondent should be suspended for six months.

RABIN, J. P., M. M. FRANK, VALENTE, McNALLY and STEVENS, JJ., concur.

Respondent suspended for a period of six months.