In the Matter of CLEM C. RANSOM, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, May 9, 1963.

*John G. Bonomi* of counsel (*Michael Franck* with him on the brief), for petitioner.

*Clem C. Ransom,* respondent in person.

*Per Curiam.* Respondent was admitted to the practice of law on June 28, 1949 at a term of the Appellate Division, First Department.

On December 12, 1959, in the Court of General Sessions of the County of New York, respondent was convicted of the crime of conspiracy, a misdemeanor, as charged in the fifth count of an indictment filed against him and another. The indictment alleged that respondent and his codefendant, in the period from December 2, 1957 to on or about December 18, 1957, did unlawfully and corruptly conspire, combine, confederate and agree with each other to commit the crimes of accepting a bribe, taking unlawful fees and an attempt to commit the crime of extortion.

On January 22, 1960 respondent was sentenced to the Penitentiary of the City of New York for a term of six months, with credit for time already served. This court unanimously affirmed respondent's conviction (*People* v. *Ransom*, 14 A D 2d 855). An application later made by respondent for leave to appeal to the Court of Appeals was denied.

In a disciplinary proceeding a judgment of conviction of a misdemeanor constitutes prima facie evidence of guilt of the crime charged. (*Matter of Donegan*, 282 N. Y. 285, 293.)

For 20 years prior to his conviction respondent was employed as a probation officer in the Court of Special Sessions. The evidence clearly shows that respondent, in his capacity as a probation officer, conspired with a codefendant to unlawfully obtain money from an adult male, the admitted father of two children born out of wedlock, by undertaking to state at a hearing in the Paternity Part of Special Sessions that said male was not in arrears in making support payments which he was obligated to make.

The record clearly establishes that respondent showed a callous and reckless indifference to and wanton lack of concern for the responsibility of his official position; that he persistently and inexcusably disregarded the truth; and that he lacks an understanding of the ethical standards required of members of the legal profession. Such conduct establishes beyond doubt that respondent is " guilty of  *  *  *  fraud, deceit  *  *  * misdemeanor  *  *  *  conduct prejudicial to the administration of justice " (Judiciary Law, § 90, subd. 2) involving moral turpitude.

Respondent has thus demonstrated unfitness for membership in the Bar and should be disbarred.

BREITEL, J. P., McNALLY, STEVENS, EAGER and STEUER, JJ., concur.