SECOND DEPARTMENT, JUNE, 1965■

(June 21, 1965)

■ In the Matter of JAMES VINCENT KEOGH, an Attorney, Respondent. ROY RICHARDSON, Petitioner.— Motion by petitioner to clarify this court's amended order of reference in this proceeding, by adding to such order provisions to the effect that at the hearings to be held herein by the Referee: (1) the judgment of conviction in the criminal action in the Federal court (*People* v. *Kahaner,* 317 F. 2d 459, cert. den. 375 U. S. 836) is not subject to impeachment or collateral attack; and (2) the issues in such action shall not be relitigated or tried *de novo.* This motion will be treated by the court (as in effect it has been by the parties) as a motion to dismiss as insufficient in law and to strike out as irrelevant the allegations in respondent's answer: (1) which assert, in effect, as a complete and partial defense, that respondent is innocent of the charges on which he was convicted in the Federal court; (2) which allege that he is entitled to establish such innocence by proof and that he is now entitled to a comprehensive inquiry *de novo* as to all aspects of said charges and upon all the facts and circumstances relating to them, despite the existing Federal judgment of conviction; and (3) which allege that his trial in the Federal court was not fair or proper, in that: (a) instead of being tried separately, he was tried jointly with his two codefendants, Kahaner and Carallo; (b) there was undue publicity in the public press; (c) he was convicted upon the uncorroborated

testimony of accomplices; and (d) the jury's verdict of guilty was the result of coercion, hysteria and misunderstanding. The motion is granted and all such allegations, which are contained in paragraphs 2, 3, 4, 5, 6, 7 and 9 of the respondent's answer, are directed to be stricken out. Respondent is not entitled to a relitigation, at the hearings to be held by the Referee, of the facts upon which respondent's judgment of conviction was based or of the fairness of the trial in the Federal court at which he was found guilty of the crime of conspiracy to corruptly influence, obstruct and impede the administration of justice. By statute, the Appellate Division in each Department has the responsibility and exclusive authority to censure, suspend from practice or remove from office any attorney and counselor at law, "who is guilty of * * * crime or misdemeanor, or any conduct prejudicial to the administration of justice" (Judiciary Law, § 90, subd. 2). Only in the case of conviction of a crime deemed to be a felony under New York law is this court's discretion foreclosed (Judiciary Law, § 90, subd. 4). In such case disbarment is automatic upon presentation of a certified copy of the judgment of conviction, and is subject to reconsideration only in the event of a reversal of the judgment on appeal or the granting of a pardon by the President of the United States or the Governor of this State (Judiciary Law, § 90, subds. 4, 5; *Matter of Ginsberg*, 1 N Y 2d 144, 146; *Matter of Donegan*, 282 N. Y. 285, 288). With the exceptions noted, an attorney's conviction of a crime deemed to be a *felony* under New York law is conclusive as to his unfitness to practice law, but conviction of a crime deemed to be a *misdemeanor* under New York law is not conclusive evidence of such unfitness. However, the legislative grant of discretionary power to determine the *fitness* of an attorney convicted of a misdemeanor crime does not impose upon this court an *obligation* to permit relitigation of the facts and law upon which *guilt* has already been adjudicated beyond a reasonable doubt by another court of competent jurisdiction. In such case the judgment of conviction, while not conclusive evidence of the attorney's *unfitness* to practice law, *may be* regarded by this court as conclusive proof of his *guilt* of the crime charged (cf. *Matter of Patlak*, 368 Ill. 547; *State* v. *Stringfellow*, 128 La. 463; *Underwood* v. *Commonwealth*, 32 Ky. 32; *State ex rel. Sorenson* v. *Scoville*, 123 Neb. 457; *People ex rel. Chicago Bar Assn.* v. *Meyerovitz*, 278 Ill. 356; 81 A. L. R., ann. pp. 1198–1199). If the judgment be so regarded, then the primary issue in this proceeding is whether, under all the circumstances and upon all the additional proof adduced in this proceeding, the crime of which respondent stands convicted involved such moral turpitude on his part as to require this court to exercise its discretionary power to disbar, suspend from practice or censure the respondent (see 5 Am. Jur., Attorneys at Law, § 279). Pertinent to the issue of moral turpitude, the respondent may of course offer any available proof which might affect — not the validity or correctness of the judgment of conviction — but the weight to be accorded to it; which might explain his participation or involvement in the crime charged; and which might serve to repel or negative any inference as to his moral turpitude by reason of the conviction. In our opinion, the cases relied on by the respondent are not to the contrary; indeed, they confirm our view. Thus: (1) *Matter of Donegan* (282 N. Y. 285, 293, *supra*) holds only: (a) that a Federal judgment of conviction of a crime which is a felony under Federal law but only a misdemeanor under New York law must be treated as a misdemeanor in a subsequent disbarment proceeding against the attorney; and (b) that so treated, the conviction does not compel *automatic* disbarment under the pertinent statute (Judiciary Law, § 88, subds. 3, 4; [now § 90, subds. 4, 5]), but only authorizes the Appellate Division under the second subdivision of the statute to take appropriate disciplinary action against the attorney by reason

of the commission of the misdemeanor. For the purpose of taking such action the Court of Appeals remitted the proceeding to the Appellate Division, but by way of dictum it added the comment that the "judgment of conviction will constitute at least prima facie evidence of guilt of the crime charged." At the same time, however, lest its dictum be misconstrued or misapplied, the Court of Appeals emphasized that "Nothing" in its opinion "should be taken to change the discretion now lodged in the Appellate Division in dealing with an attorney under subdivision 2 of section 88" of the Judiciary Law [now Judiciary Law, § 90, subd. 2]. The words "at least" in the *Donegan* opinion must be read in context with the court's admonition as to leaving unimpaired the Appellate Division's plenary power in a proceeding to discipline an attorney. So read, it is clear that the force and effect to be given to the Federal judgment of conviction rest in the sound discretion of the Appellate Division. The Court of Appeals itself, in a later case (*Matter of Barsky* v. *Board of Regents*, 305 N. Y. 89, 93, affd. 347 U. S. 442), so construed its prior *Donegan* holding, by saying that in that case the court had (p. 96) "made it clear that it was not denying the Appellate Division's *discretionary* power [under Judiciary Law, § 88, subd. 2; now § 90] to deal with him [Donegan] as one guilty of a ' crime '." (2) It is true that thereafter, based upon the Court of Appeals' remission, the majority of the Appellate Division in the second *Donegan* case (*Matter of Donegan*, 265 App. Div. 74, affd. 294 N. Y. 704) did in effect exercise the court's discretion in favor of the attorney; the majority allowed him to impugn the prior Federal judgment of conviction by proof showing the attorney's innocence of the crime for which he had been convicted. But there the majority had ample basis for the exercise of such discretion; it appeared from the face of the record that the jury's verdict was inconsistent, as to the several counts and that the attorney's guilt was based essentially upon his vicarious responsibility for the acts of others. Moreover, the proof adduced actually tended to explain the attorney's conduct and to show by way of mitigation that his participation in the crime did not involve any moral turpitude on his part. (3) The Wisconsin case (*State* v. *O'Leary*, 207 Wis. 297), cited in *Donegan* (*supra*, p. 293) by way of a dictum, is inapropos, for it appears that the State of Wisconsin then had no statute making conviction of a crime an independent ground for disbarment. (4) In *Matter of Kaufmann* (245 N. Y. 423), wherein two disbarred attorneys applied for reinstatement after a Presidential pardon had cast doubt upon their guilt, it was held that the Appellate Division had erred in holding that it was without power to inquire into the justness of their conviction. In the case at bar we find no basis whatever, either in the allegations of respondent's answer or in the affidavits submitted on this motion, for invoking this court's plenary discretionary power in order to impeach the Federal judgment of conviction and in order to permit the crime of which respondent was convicted to be tried *de novo*. Rather, in the light of all the facts, we find every reason for invoking this court's plenary power in order to preclude such impeachment or such trial *de novo*. Respondent's rights will be adequately protected if, for the purpose of lessening the probative force of the Federal judgment, he is permitted to introduce all the available evidence tending to establish that his involvement in the crime was without moral turpitude on his part. Christ, Acting P. J., Brennan, Hill, Hopkins and Benjamin, JJ., concur.