In the Matter of HENRY E. TAYLOR, an Attorney, Respondent. ONONDAGA COUNTY BAR ASSOCIATION, Petitioner.

Fourth Department, January 11, 1968.

*Louis Young* and *John F. Lawton* for petitioner.

*Henry E. Taylor,* in person, and *John E. Shaffer* for Henry E. Taylor, respondent.

*Per Curiam.* Respondent was admitted to the practice of law by this court on March 12, 1952. In 1965 an indictment was returned in the United States District Court charging in four counts that in the years of 1960 to 1963, inclusive, respondent had willfully and knowingly attempted to evade and defeat Federal income taxes due and owing by filing false and fraudulent tax returns. In summary it was alleged that for the years 1959 to 1962, inclusive, he had stated his taxable income to be a total of $31,446.20 and the tax due thereon a total of $6,881.32, whereas, as he well knew, his taxable income was a total of $64,190.15, upon which sum he owed a tax of a total of $15,951.22.

In September, 1967 respondent pleaded guilty to the first count, which charged an understatement of income for 1959 of $11,805.98 and of Federal tax in the sum of $3,082.55. The remaining counts were dismissed, a substantial fine imposed, jail sentence was suspended, and respondent was placed on probation for five years subject to certain stated conditions. The crime of which respondent has been convicted is a felony (U. S. Code, tit. 26, § 7201) and would mandate summary disbarment (Judiciary Law, § 90, subd. 4) except for the fact that the crime is cognizable by the laws of this State as a misdemeanor (Tax Law, § 376; cf. *Matter of Donegan,* 282 N. Y. 285).

Thus, we are confronted with facts similar to those before the court in *Matter of Rotwein* (20 A D 2d 428, 429) where it was said that " The inescapable fact is that respondent perpetrated a deliberate fraud on the Government. It was planned, premeditated and without the pressure of immediate necessity. Such conduct cannot escape some sanction. "

It appears that shortly after the return of the indictment late in 1965 respondent ceased the practice of law, except to conclude a few matters requiring his personal attention, and has continued such voluntary self-suspension for some two years.

After weighing, as we have, all the various factors that must be considered in a disciplinary proceeding (cf. *Matter of Powers,* 15 A D 2d 232; *Matter of Rotwein, supra,* pp. 429, 430) we conclude that respondent should be suspended for a period of one year and thereafter until there has been compliance with the conditions to be stated in the order to be entered herein.

WILLIAMS, P. J., BASTOW, GOLDMAN, HENRY and DELVECCHIO, JJ., concur.

Order of suspension entered.