In the Matter of PAUL G. KOPOLSKY, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, November 30, 1971.

*John G. Bonomi* of counsel (*Ronald Eisenman* with him on the brief), for petitioner.

*Alexander Yunis* for respondent.

*Per Curiam.* On the 5th day of March, 1971, the respondent was convicted in the United States District Court for the Southern District of New York, after a jury trial, of the crime of perjury (U. S. Code, tit. 18, § 1621) and sentenced to nine months imprisonment. Subsequently the judgment was amended by suspending the prison sentence and placing respondent on probation for two years.

The crime of which respondent was convicted, i.e., giving false testimony with respect to material issues, is a felony as defined in the above-cited section of the United States Code. It also constitutes a felony under section 210.15 of the New York revised Penal Law. That under Federal law the question of materiality is determined by the court as a matter of law whereas in New York materiality is an issue to be determined as a fact question by the jury, is procedural and not substantive and therefore immaterial. The elements are the same under Federal and State law, namely, the giving of false and material testimony under oath. (See *Matter of Donegan,* 282 N. Y. 285; *People* v. *Olah,* 300 N. Y. 96.)

The provisions of subdivision 4 of section 90 of the Judiciary Law are mandatory. In accordance therewith respondent, upon his conviction, ceased to be an attorney and counselor at law and consequently, we have no alternative but to strike respondent's name from the roll of attorneys. (See *Matter of Shein-man,* 277 App. Div. 39.)

CAPOZZOLI, J. P., McGIVERN, NUNEZ, McNALLY and STEUER, JJ., concur.

Respondent's name struck from the roll of attorneys and counselors at law in the State of New York.