In the Matter of MORTIMER SCHULMAN, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, February 15, 1973.

*John G. Bonomi* of counsel (*Albert L. Richter* with him on the brief), for petitioner.

*Herbert Engel* for respondent.

*Per Curiam.* Respondent was admitted to the Bar in the First Judicial Department on November 26, 1951. On January 18, 1971, he pleaded guilty to two counts of a 10-count indictment charging him with having filed false and fraudulent income tax returns for the years 1962, through and including 1966, in violation of sections 7201 and 7206 of title 26 of the United States Code. He was fined the sum of $20,000 and sentenced to a prison term of two months. He paid that fine and served that prison term in the Federal Penitentiary at Danbury, Connecticut.

The crime of which respondent has been convicted is a felony (U. S. Code, tit. 26, § 7201), and would mandate summary disbarment '' except for the fact that the crime is cognizable by the laws of this State as a misdemeanor (Tax Law, § 376; cf. *Matter of Donegan*, 282 N. Y. 285).'' (*Matter of Taylor*, 29 A D 2d 132, 133).

In determining the sanction to be imposed upon respondent we have taken into consideration what the Referee termed as a '' sad [medical] prognosis for the respondent who is only 47 years of age, '' based on the medical evidence disclosing that he is a victim of multiple sclerosis, which is irreversible and progressive, his unfortunate family situation, his otherwise unblemished record, his complete candor and co-operation and the fact that he, alone, has suffered by virtue of his misconduct. (*Matter of Stevenson,* 39 A D 2d 355.) The stigma of conviction, the service of a jail sentence and the payment of a substantial fine, together with the foregoing, persuade us that the interests of justice will be served by a censure. (*Matter of Ross*, 38 A D 2d 98.)

Accordingly, respondent is hereby censured for his misconduct.

STEVENS, P. J. McGIVERN, MARKEWICH, NUNEZ and CAPOZZOLI, JJ., concur.

Respondent censured.