In the Matter of Stephen Lendway Hoffman, an Attorney, Respondent. Association of the Bar of the City of New York, Petitioner.

First Department, May 22, 1975

---

* Parcel numbers 192, P192 and 194 were acquired in 1937; parcel numbers 262–268 were acquired in 1941.

*John G. Bonomi* of counsel *(William A. Primerano* with him on the brief), attorney for petitioner.

*Sidney Holtzman* for respondent.

*Per Curiam.* Respondent was admitted to the Bar in the First Judicial Department on November 14, 1932. On November 8, 1973 he pled guilty to an indictment charging him with having filed a false and fraudulent income tax return for the calendar year 1967, in violation of section 7201 of title 26 of the United States Code. He was fined $1,000 and placed on probation for two years. Respondent testified before the Referee that he was under the impression at the time he prepared his return that he could offset fees in the sum of $27,000 against losses in a separate venture. He had received the $27,000 by checks which he endorsed and delivered to his creditors without depositing them in his account. Although he pled guilty, he claims he did so because of his serious illness and to avoid the ordeal of a trial. He denies that it was his intent to defraud the government and is still resisting tax liability by seeking the benefit of his losses. The crime is cognizable by the laws of New York as a misdemeanor (Tax Law, § 376; cf. *Matter of Donegan,* 282 NY 285; *Matter of Taylor,* 29 AD2d 132 and *Matter of Schulman,* 40 AD2d 381).

The evidence supports the Referee's findings and his report is confirmed.

In determining the sanction to be imposed upon respondent we have taken into consideration the Referee's finding that he is suffering from Parkinson's disease to such an extent that short recesses were necessarily taken due to respondent's trembling, his advanced age and his otherwise long, unblemished record. The stigma of conviction, the payment of a fine and a two-year probation sentence, together with the forego-

ing persuade us that the interests of justice will be served by a censure. *(Matter of Schulman, supra; Matter of Ross,* 38 AD2d 98.) Accordingly, respondent should be censured for his misconduct.

STEVENS, P. J., MARKEWICH, KUPFERMAN, MURPHY and NUNEZ, JJ., concur.

Respondent censured.