■ In the Matter of Leon Greenberg, an Attorney, Respondent. Committee on Professional Standards, Petitioner.—Respondent was admitted to the Bar by this court on November 16, 1950. Petitioner moves to confirm the Referee's report which recommends that respondent be disbarred by reason of his conviction in Federal court of mail fraud and conspiracy to commit mail fraud. Respondent opposes the motion and requests that the report be rejected and the proceeding dismissed. On June 3, 1975 an indictment charging respondent with four counts of mail fraud and one count of conspiracy to commit mail fraud was filed in the United States District Court for the Southern District of New York. The indictment alleged that respondent, who was then the president of Monticello Raceway in Sullivan County, conspired with Paul Grossinger, owner of the Grossinger Hotel and a director of the raceway, and with Bernard Roth, comptroller of the hotel, to defraud the raceway through the device of billing it for services not actually rendered in the amount of $4,856.16 for outings purportedly held for raceway personnel at the hotel, the payments for which were subsequently used to defray the greater part of the cost of a bar mitzvah for respondent's son held at the hotel. Respondent was found guilty of all counts, a judgment of conviction was entered on January 21, 1976, imposition of a jail sentence was suspended and respondent was placed on probation for two years and fined a total of $9,000. His conviction was thereafter affirmed by the United States Court of Appeals for the Second Circuit on April 19, 1976. Contending that respondent's conviction for mail fraud is cognizable in New York as the equivalent of a felony conviction for the crime of grand larceny in the second degree, the New York State Bar Association petitioned the court for an order striking respondent's name from the role of attorneys pursuant to the summary disbarment provision of subdivision 4 of section 90 of the Judiciary Law. However, since mail fraud is not recognized as a felony in New York (People ex rel. Marks v Brophy, 293 NY 469, 475), and since the term "felony" in subdivision 4 of section 90 has been construed to include only those Federal felonies which are also felonies under the laws of this State (Matter of Donegan, 282 NY 285, 292), we denied the petition and referred the matter to a Referee to afford respondent an opportunity to introduce any competent evidence to explain or mitigate the significance of his conviction. (See Matter of Levy, 37 NY2d 279, 281-282.) Thus the issue before us is that of determining what sanction is appropriate under all the circumstances for respondent's misconduct. In our view, disbarment, as recommended by the Referee, is too harsh a penalty in light of the following mitigating factors: the stigma which respondent bears as a result of his conviction; the fact that his conviction did not involve a client or arise out of his legal practice; respondent's otherwise unblemished record as a member of the Bar for 26 years; his military service during World War II in the United States Army Air Corps; his many civic, charitable and community activities and awards; and, finally, his excellent reputation in his community, as attested to by the numerous affidavits submitted on his behalf in this proceeding. Accordingly,

we are persuaded that respondent does not represent such a danger to the public welfare as to require that he be disbarred from the practice of law. Under the circumstances, we have determined that a suspension from the practice of law for a period of six months is a just and appropriate sanction for respondent's misconduct in this matter. Respondent suspended for a period of six months, the date of commencement to be fixed in the order to be entered hereon. Sweeney, J. P., Kane, Main, Mikoll and Herlihy, JJ., concur.