OPINION OF THE COURT
Seymour Schwartz, J.
Petitioner moves for an order directing respondents to pay over any sums held by them belonging to petitioner’s judgment debtor Lenor Rosario or alternatively directing that respondent New York Property Insurance Underwriting Association (NYPIUA) pay over an amount equal to the judgment owed by Rosario for its alleged violation of a restraining notice.
Respondent Anton Adjustment Company, Inc. (Anton) acknowledges holding $2,954.90 belonging to Rosario, but argues that for the court to determine who the sum properly belongs to, Rosario should be named as a respondent. The sum is held by Anton pursuant to settlement of a claim for fire damage. This sum may be attached in enforcement of petitioner’s judgment (CPLR 6202.) Rosario is not a necessary party. Petitioner’s rights against Rosario’s property up to the judgment amount have already been determined. The motion is granted as against Anton.
A previous action against NYPIUA similar to the one at bar was dismissed by Judge Whitman on November 19, 1984. However, at that time petitioner had not obtained judgment against Rosario. The subsequent judgment against Rosario gives rise to petitioner’s right to attach debts due to and property of Rosario. (CPLR 6202.) Any sum due Rosario from NYPIUA may be attached by petitioner, and NYPIUA is the appropriate garnishee of such funds. (CPLR 5201 [c] [2].)
NYPIUA asserts that two days prior to its receipt of the restraining order, it issued and mailed drafts to Rosario representing all the moneys due him, and is no longer in possession of any property in which Rosario has an interest. It argues therefore that the restraining order was ineffective and could not be honored. The checks, however, were not negotiated by the payee, Rosario, until at least March 26, 1985, well over one month after NYPIUA received the restraining order.
The language of CPLR 5222 (b) provides that a restraining order against a judgment debtor is effective against any person in possession or custody of property in which the judgment debtor has an interest. Under the section such a person is "forbidden to make or suffer any sale, assignment or *1000 transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt”.
The restraining order served upon NYPIUA restated the all-embracing prohibitions of the statute, and specifically referred to Rosario’s policy with NYPIUA. There is no issue regarding the validity of this notice.
The question is whether NYPIUA was absolved from the reach of the restraining order when it mailed the checks.
UCC 3-409 (1) provides that "[a] check * * * does not of itself operate as an assignment of any funds in the hands of the drawee”. Transfer of the funds did not occur until the checks were presented to and honored by the drawee, NYP-IUA, on March 26, 1985. (See, Stream v CBK Agronomics, 79 Misc 2d 607 [1974], mod on other grounds 48 AD2d 637.) Hence, at the time NYPIUA was served with notice of the restraining order on February 19, 1985, Rosario’s property was still in its possession and custody. NYPIUA violated the restraining order by failing to move to stop payment of the checks. The attempt would have been successful in view of the substantial time which elapsed between its receipt of the notice and payment of the checks. It still controlled the funds but it failed to act.
Charging the garnishee in the amount by which it violated a restraining order is an appropriate remedy. (Sumitomo Shoji N. Y. v Chemical Bank N. Y. Trust Co., 47 Misc 2d 741 [1965], affd 25 AD2d 499 [1st Dept 1966]; 6 Weinstein-Korn-Miller, NY Civ Prac ¶ 5222.14a.) Accordingly, NYPIUA is directed to pay over to petitioner the amounts reflected in the checks transferred in violation of the restraining notice.